IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TERESA R. ROBERTS,**
        Plaintiff,

v.                                                                Civil Action No. **2:04CV61**

**JO ANNE B. BARNHART,
COMMISSIONER OF
SOCIAL SECURITY,**
        Defendant.

## REPORT AND RECOMMENDATION/OPINION

This matter is before the undersigned United States Magistrate Judge pursuant to Plaintiffs' "Application for Fees and Other Expenses Under the Equal Access to Justice Act" filed on September 5, 2006 [Docket Entry 28], and Defendant's Opposition thereto filed on September 13, 2006 [Docket Entry 29]. This matter has been referred by United States District Judge Robert E. Maxwell to the undersigned United States Magistrate Judge for a Report and Recommendation [Docket Entry 31] . 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b) [Docket Entry 6].

### I. Procedural History

The tortured history of this case is as follows:

Plaintiff filed an application for Social Security Disability benefits on April 18, 2002, alleging disability since July 2, 2001, due to problems with her eyesight, a tick bite on her arm, problems from IV, arthroscopic surgery, and stomach, right knee, and left shoulder problems (Plaintiff's Motion for Judgment on the Pleadings at 1). Her claim was denied at the Initial and Reconsideration levels. An ALJ held a hearing on April 29, 2003, and denied benefits by decision dated June 18, 2003. The Appeals Council denied review on June 17, 2004 (Complaint at 1).

On August 17, 2004, Plaintiff filed her Complaint in this Court [Docket Entry 1]. Defendant filed her Answer on October 22, 2004, along with the Administrative Transcript [Docket Entry 5].

On November 22, 2004, Plaintiff filed a Motion to Extend Time in which to file her motion for summary judgment [Docket Entry 6]. That same day, the Honorable Robert E. Maxwell, District Judge, entered an Order, wherein he ruled the parties' motions for summary judgment would be filed on or before the January 24, 2005 [Docket Entry 7]. On January 24, 2005, Defendant filed her Motion for Summary Judgment [Docket Entry 8]. There is no Court record of Plaintiff having filed any Motion for Summary Judgment as of that date.

On March 9, 2005, District Judge Maxwell entered an Order dismissing the case due to Plaintiff's failure to prosecute and to comply with the Court's November 22, 2004, order, in that she had not filed her motion for summary judgment [Docket Entry 9]. On March 22, 2005, Plaintiff filed a Motion to Vacate Opinion Memorandum and Judgment Order Entered March 9, 2005, and for Reconsideration of Plaintiff's Motion for Judgment on the Pleadings, a copy of which was attached thereto [Docket Entry 11].

The undersigned United States Magistrate Judge held a hearing on the matter on May 10, 2005. At that hearing, counsel represented to the Court that a trusted employee of 13 years, whose responsibility it was to track and maintain the briefing schedules for the Social Security appeals, had falsified internal records, destroyed orders from this Court, "hid" court documents, and generally failed overall to track the deadlines of the Social Security court actions.[1] At the conclusion of the hearing, the undersigned stated on the record that he would recommend reopening Plaintiff's case, and would also allow Plaintiff to file a "supplemental" motion for judgment on the pleadings.

---

[1]Plaintiff's case was one of seven in the Clarksburg and Elkins points of holding court that either had been or were in danger of being dismissed due to failure to prosecute. The hearing was to address all the pending cases.

On May 31, 2005, Plaintiff, through counsel, filed a "Supplemental Memorandum in Support of Motion for Judgment on the Pleadings."

On September 30, 2005, the undersigned submitted a Report and Recommendation to the District Judge regarding the matter, recommending that the Court vacate the March 9, 2005, Order dismissing the case, and that the case be reinstated on the Court's docket. This Report and Recommendation was adopted by the District Court on January 23, 2006, and the case was reopened on that same date.

On May 11, 2006, Plaintiff, through counsel, filed a "Motion to Remand for New and Material Evidence" [Docket Entry 22]. On June 16, 2006, Defendant responded to the Motion to Remand, also requesting the Court remand the action under the fourth sentence of 42 U.S.C. § 405(g), based on a subsequent decision, dated February 13, 2006, finding Plaintiff disabled as of July 2, 2001.

The Court remanded the matter solely for a calculation and award of benefits on July 20, 2006.

## II. DISCUSSION

Pursuant to the EAJA, a plaintiff's attorney is entitled to a fee award if: (1) the claimant is the prevailing party; (2) the government's position was not "substantially justified;" (3) no special circumstances make an award unjust; and (4) the claimant timely filed his petition and an itemized statement within thirty days of the final judgment. 28 U.S.C. § 2412; Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991). There is no dispute that Plaintiff is the prevailing party and that she timely filed her petition for fees and itemized statement. The undersigned notes that counsel for Plaintiff has not made any claim for fees or costs necessitated by the original dismissal of this case.

3

The Commissioner objects to the Plaintiff's fee petition for the following reasons:

(1) The Commissioner's Position was Substantially Justified and

(2) Special circumstances would make an award of EAJA fees unjust in this matter.

Plaintiff argues that the Commissioner's position was not substantially justified. In Hyatt v. Barnhart, 315 F.3d 239 (4th cir. 2002), the Fourth Circuit explained the phrase "substantially justified" as follows:

> Under § 2412(d)(1)(A) of the EAJA, the court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States in any court having jurisdiction of that action, *unless the court finds that the position of the United States was substantially justified* or that special circumstances make an award unjust. *Id.* (emphasis added). The award of attorneys' fees to a prevailing party, therefore, "is mandatory *unless* the government can demonstrate that its position was 'substantially justified,' " *EEOC v. Clay Printing Co.* 13 F.3d 813, 815 (4th Cir.1994), or that special circumstances make an award unjust. " 'Substantially justified' means 'justified to a degree that could satisfy a reasonable person' or having a 'reasonable basis both in law and fact.' " *Id.* (quoting *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C.A. § 2412(d)(1)(B). And, in determining "whether the government acted reasonably in causing the litigation or in taking a stance during the litigation," we must consider the "totality of the circumstances." *Roanoke River Basin Ass'n. v. Hudson,* 991 F.2d 132, 139 (4th Cir.1993). We review the district court's determination that the SSA's position was not "substantially justified" for an abuse of discretion. *See Pierce,* 487 U.S. at 562-63, 108 S.Ct. 2541.

Id. at 244-245.

Under the peculiar facts of this case, the undersigned must agree with Defendant. A review of the "totality of the circumstances" shows that the government was substantially justified in "causing the litigation" in 2004, and in "taking a stance during the litigation" in 2005. The evidence that prompted the remand in July 2006, was the subsequent ALJ decision, which was not entered

4

until February 3, 2006. This decision was, in turn, based in large part on a psychological evaluation of Plaintiff that was performed on December 20, 2004. This evidence did not even exist at the time of the ALJ's decision in 2003 or the Appeals Council's decision in 2004. It did not exist at the time Plaintiff filed her Complaint with this Court, or when the Defendant filed her answer and the Administrative Transcript. It was simply not part of the record in this case.

The undersigned therefore finds Defendant "acted reasonably in causing the litigation" in this case. Plaintiff was found by the second ALJ in 2006, to be disabled based on a "valid" IQ score of 70 along with her additional and significant work-related limitations, that, together met Listing 12.05C. The IQ test results before the previous ALJ in this case were, however, ambiguous, the psychologist having opined that Plaintiff's scores might well be an underestimate. That psychologist found the only applicable listing was for an affective disorder, not for mental retardation.

Additionally, the undersigned finds that "special circumstances" would make an award of EAJA fees in this case unjust. The "new and material evidence" that prompted the remand in this case was an ALJ decision dated February 13, 2006. Had Plaintiff timely filed her Motion for Summary Judgment in January 2005, it is unlikely that this evidence would have been available before the case had been resolved by the Court, either favorably or unfavorably.

The undersigned therefore recommends Plaintiff's Motion for Attorney Fees be DENIED.

## **RECOMMENDATION**

For all the above reasons, the undersigned recommends that "Plaintiff's Application for Fees and other Expenses Under the Equal Access to Justice Act" [Docket Entry 28] be **DENIED**.

Any party may, within ten (10) days after being served with a copy of this Report and

Recommendation file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such proposed Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 17th, day of November 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE